IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVIN NOEL FAITH,

    Petitioner,                    No. CIV S-00-0493 DFL GGH P

    vs.

JIM HAMLET, Warden,

    Respondent.                  <u>ORDER</u>

_____/

        Respondent's counsel has filed a status report on behalf of both parties regarding the final evidentiary hearing to be held in this case. The court now makes the following findings and orders in regard to the evidentiary hearing to be held in Courtroom 24 before the undersigned on June 1, 2005 at 9:00 a.m.

        A.  <u>Witnesses</u>

        The parties have indicated that there will only be one witness at the hearing, respondent's expert pathologist, Dr. Sharon H. Van Meter. On or before fourteen days prior to the hearing respondent shall provide petitioner with a written report prepared and signed by Dr. Van Meter containing the information specified in Rule 26(a)(2)(B) of the Federal Rules of the Civil Procedure.

        Each party may call any witness designated by the other.

        1. No other witness will be permitted to testify unless:

    a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

    b. The witness was discovered after the exchange of witnesses and the proffering party makes the showing required in "2," below.

  2. Within the seven day period prior to the evidentiary hearing, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:

    a. The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

    b. The court and the opposing party were promptly notified upon discovery of the witnesses;

    c. If time permitted, the party proffered the witnesses for deposition; or

    d. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

  B. <u>Exhibits, Schedules and Summaries</u>

  Both parties shall exchange copies of their exhibits no later than fourteen days prior to the evidentiary hearing. Any objections to exhibits must be filed seven days prior to the hearing.

  Petitioner will use numbers to mark exhibits; respondent will use letters.

  1. No other exhibits will be permitted to be introduced unless:

    a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

        b. The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "2" below.

2. Within the fourteen day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing. The exhibits will not be received unless the proffering party demonstrates:

        a. The exhibits could not reasonably have been discovered earlier;

        b. The court and the opposing party were promptly informed of their existence; or

        c. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to each bring an "exhibit book" containing copies of their exhibits to the evidentiary hearing. The "exhibit book" is for bench use during trial. All exhibits to which no objections are raised will be introduced at trial. Any argument as to exhibits to which objections are made will be considered on the date of the hearing.

C. <u>Miscellaneous</u>

As neither petitioner nor any other incarcerated person will attend the hearing, there are no logistical issues with regard to transportation of inmates.

Accordingly, IT IS HEREBY ORDERED that at the evidentiary hearing scheduled for June 1, 2005 at 9:00 a.m. before the undersigned, the parties shall prepare for hearing in accordance with the terms set forth in this order.

DATED: 4/27/05                                /s/ Gregory G. Hollows

                                              GREGORY G. HOLLOWS
                                              UNITED STATES MAGISTRATE JUDGE

GGH:009/fait0493.sch