IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVIN NOEL FAITH,

    Petitioner,               CIV S-00-0493 DFL GGH P

    vs.

JIM HAMLET, Warden,

    Respondent.             ORDER

_____/

    Petitioner, a state prisoner proceeding with counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On September 7, 2005, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court reaches a different conclusion than the magistrate judge on the question of prejudice. In all other respects the court adopts the findings and recommendations.

1  The "reasonable probability" standard for prejudice asks whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome." Id. As the magistrate judge's thorough opinion and analysis amply reveals, there were serious problems in the handling of this case by the trial judge and defense counsel. The evidence against petitioner as to first degree murder was thin. The case was tried in less than a week due to the court's pressure on all participants. The critical evidence was the forensic evidence that went unchallenged due to defense counsel's ineffective representation. Had that evidence been challenged, there would have been credible expert opinion in support of petitioner's defense. In these circumstances, confidence in the outcome of the trial has been undermined.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 7, 2005, are adopted in part and rejected in part;

2. The petition for a writ of habeas corpus is granted;

3. The state is directed, within 60 days of the filing of this order, either to commence new state trial proceedings or to release petitioner from custody.

DATED: 3/17/2006

_____
DAVID F. LEVI
United States District Judge